**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VISTAKON PHARMACEUTICALS,
LLC, etc., et al.,

        Plaintiffs,

vs.                                                      Case No. 3:09-cv-176-J-32MCR

BAUSCH & LOMB, INC.,

        Defendant.

## **ORDER**[1]

This case is before the Court on Plaintiffs Vistakon Pharmaceuticals ("Vistakon Pharm"), Vistakon and Johnson & Johnson Vision Care ("Vision Care")'s Motion to Compel (Doc. 38), to which defendant Bausch & Lomb, Inc. ("B&L") has filed a response in opposition (Doc. 43). The Court has reviewed the parties' papers, the transcript of the April 16, 2009 hearing and other material papers filed to date.

The Court was convinced at the April 16 hearing that allowing some expedited discovery would permit plaintiffs to investigate whether they had a basis to re-engage on the motion for preliminary injunction which, though still pending, has been abated since the March 19, 2009 hearing. Unfortunately, the collegiality which marked the early hearing seems to have dissolved and the Court must now intervene to compel the parties to engage in the discovery that it hoped would be agreed to amicably. While it seems that *both* parties

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

have misinterpreted various statements made during the April 16 hearing (by their opponent and the Court), rather than engage in any further debate, the Court simply **ORDERS** the parties to proceed as follows:

1. Plaintiff's Motion to Compel Discovery (Doc. 38) is **denied in part and granted in part** as follows:

    a. No later than **June 22, 2009**, the parties shall submit an agreed to confidentiality order that will govern the production of discovery in this case. The Court disfavors "attorneys' eyes only" provisions so unless they can be agreed to, they should be eliminated.

    b. No later than **July 7, 2009**, B&L shall produce all documents regarding any attempt made by B&L employees or recruiters between July 1, 2008 and the present to recruit pharmaceutical sales representatives known by B&L at the time to be employed by Vistakon Pharm.

    c. No later than **July 7, 2009**, B&L shall produce all documents regarding any offers of employment extended by B&L between July 1, 2008 and the present to pharmaceutical sales representatives known by B&L at the time to be employed by Vistakon Pharm.

    d. No later than **July 7, 2009**, B&L shall produce all documents regarding the hiring by B&L between July 1, 2008 and the present of any pharmaceutical sales representative known by B&L at the time to be employed by Vistakon Pharm.[2]

---

[2] Any personal information can be appropriately redacted and/or made subject to the confidentiality order.

e. No later than **July 7, 2009**, B&L shall produce all documents that, in its response in opposition to plaintiffs' motion, it represented it was agreeable to producing or had offered to produce during any earlier "meet and confer" with Vistakon.

f. As for B&L production or destruction of the electronic roster of names of Vistakon Pharm employees that has been a continuing source of dispute (hereinafter, "the roster"), if B&L has not yet produced a hard copy of the roster to counsel for Vistakon Pharm, it shall do so no later than **July 7, 2009**. No later than **July 7, 2009** B&L shall also provide to Vistakon Pharm the names and positions of the B&L employees or recruiters who accessed the roster.

g. The Court presumes this production will provide documents at least partially responsive to each of plaintiffs' requests for production except Request Nos. 8 & 9; however, subject to later reconsideration, the Court does not find that either of these Requests are appropriate territory for discovery in this case.

h. As to Interrogatory No. 1, the Court agrees that it is overbroad to the extent that the inquiry should be limited to those persons employed by B&L who contacted Vistakon Pharm pharmaceutical sales representatives since January 1, 2009 regarding possible employment at B&L as a pharmaceutical sales representative. B&L shall answer Interrogatory No. 1 as limited above no later than **July 7, 2009**. To any extent there is not complete overlap with its Answer to Interrogatory No. 1, B&L shall also identify all B&L employees or recruiters who, since January 1, 2009, have contacted any person listed on the roster.

i. As to Interrogatory No. 4, no later than **July 7, 2009** B&L shall answer with all the requested information related to Kristen Foose and shall further provide responsive information as to any other person to whom B&L has offered employment as a pharmaceutical sales representative if, as of January 1, 2009 or thereafter, the person was employed by Vistakon Pharm as a pharmaceutical sales representative.

j. As to Interrogatory No. 5, B&L shall answer no later than **July 7, 2009** by listing or producing any external or internal job postings used by B&L to advertise the 2009 sales force expansion positions, as well as any statement of criteria or minimal qualifications used by B&L or its recruiters in the screening and hiring of B&L's 2009 sales force expansion.

k. As to Interrogatory No. 6, the motion to compel is denied.

l. In any respect not otherwise addressed above, plaintiffs' motion to compel is denied.

2. The parties may now proceed with depositions on a mutually agreeable schedule as provided in the Federal Rules of Civil Procedure.

3. B&L represents that none of its discovery requests have been responded to (apparently because of the lack of a confidentiality agreement, which will soon be resolved). No later than **July 7, 2009**, plaintiffs should respond to outstanding discovery requests.

4. With the filing of the Second Amended Complaint and the possible intervention by other parties, matters beyond those addressed above may well prove to be discoverable.[3]

---

[3]Although there is a pending motion to dismiss the Second Amended Complaint (Doc. 42), that motion is not yet ripe for decision. Nevertheless, the Court will permit the parties

The Court urges the parties to proceed in good faith to complete discovery.

5. The remaining case deadlines (see Doc. 33) are now unworkable and are therefore **VACATED** and **RESET** as follows:

| | |
|---|---|
| **Deadline for service of plaintiffs' Rule 26 expert reports** | **August 31, 2009** |
| **Deadline for service of defendant's Rule 26 expert reports** | **September 30, 2009** |
| **Close of fact discovery** | **October 30, 2009** |
| **Close of expert discovery** | **November 16, 2009** |
| **Dispositive motions** (including Daubert)<br>Responses due 20 days after service | **December 1, 2009** |
| **Filing of pretrial statement** | **February 10, 2010** |
| **Final Pretrial Conference** | **February 17, 2010, 11:00 a.m.** |
| **Non-Jury Trial, term beginning** | **March 1, 2010, 9:00 a.m.** |

In all other respects, the parties shall continue to be governed by the case scheduling terms and procedures outlined by the Court's April 29, 2009 Order (Doc. 33).

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of June, 2009.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
counsel of record

---

to proceed with discovery notwithstanding the pendency of that motion.